DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DOUGLAS S. LIVINGSTON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-527

[January 7, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey Levenson, Judge; L.T. Case Nos. 04-17053 CF10A and 05-15367 CF10A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions on two counts of extortion and eleven counts of third degree grand theft relating to work to be performed by his construction company on projects for several customers. The defendant raises several arguments, but we write to address only his argument that the trial court erred in denying his motion for judgment of acquittal on the grand theft counts where work was performed on each of the projects. On that argument and all other arguments raised, we affirm.

Section 812.014(1)(a), Florida Statutes (2004), defines theft, in pertinent part as follows:

> A person commits theft if he or she knowingly *obtains or uses*, or endeavors to obtain or to use, the property of another *with intent to*, either temporarily or permanently . . . [d]eprive the other person of a right to the property or a benefit from the property.

§ 812.014(1)(a), Fla. Stat. (2004) (emphasis added). Section 812.012(3), Florida Statutes (2004), defines "[o]btains or uses" as "any manner of . . . [m]aking any unauthorized use, disposition, or transfer of property [or] [o]btaining property by fraud, willful misrepresentation of a future act, or false promise." § 812.012(3)(b) & (c), Fla. Stat. (2004).

Applying the foregoing statutes here on de novo review, we conclude the state introduced competent, substantial evidence to prove that the defendant committed theft. *See Pagan v. State,* 830 So. 2d 792, 803 (Fla. 2002) ("In reviewing a motion for judgment of acquittal, a de novo standard of review applies. Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence.") (citations omitted). Viewing the evidence in the light most favorable to the state, the defendant made unauthorized use, disposition, and transfer of funds as to certain customers and obtained funds by fraud, willful misrepresentation of a future act, or false promise as to other customers. *See id.* ("If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.") (citation omitted).

The defendant argues the fact that work was performed on each of the projects negates a finding of theft. In support, the defendant relies on *Segal v. State*, 98 So. 3d 739 (Fla. 4th DCA 2012), for the proposition that "evidence of actual performance of some portion of the contract negates an intent not to perform at the inception of the contract." *Id.* at 744.

However, the defendant's reliance on *Segal* is incomplete. We explained this point in *Henry v. State,* 133 So. 3d 1034 (Fla. 4th DCA 2014):

> In *Segal*, the defendant entered into a contract to construct cabinets for a customer. The customer wrote a check for some of the costs, which the defendant deposited. The defendant came to the customer's home to measure for the cabinets, purchased materials, and made several rental payments on his work space where he would construct the cabinets. However, the defendant did not install the cabinets at any point. The state charged the defendant with grand theft. At the end of the state's case at trial, the defendant moved for a judgment of acquittal, arguing that the state failed to prove an intent to steal or defraud. The trial court denied the motion.
>
> We reversed and directed the trial court to vacate the defendant's conviction and sentence. After examining similar

2

cases from other districts, we indeed stated that "evidence of actual performance of some portion of the contract negates an intent not to perform at the inception of the contract." *Id. However, our holding was not based solely on the fact that the defendant had actually performed a portion of the contract. Instead, our holding also was based on the fact that "[t]he state presented no evidence of any willful misrepresentations to induce the homeowner to sign the contract." [Segal, 98 So. 3d] at 745.*

*Henry*, 133 So. 3d at 1037-38 (emphasis added). Having explained that point, we affirmed the conviction in *Henry* on the basis that the state presented evidence of willful misrepresentations to commit the theft.

Here, as in *Henry*, and unlike in *Segal*, the state presented evidence of willful misrepresentations to commit the theft. The state also presented evidence of unauthorized use, disposition, or transfer of customer funds. Thus, sufficient circumstantial evidence of felonious intent existed and the state met its burden of producing evidence inconsistent with the defendant's theory of innocence. *See Pagan*, 830 So. 2d at 803 ("[I]f the State's evidence is wholly circumstantial, not only must there be sufficient evidence establishing each element of the offense, but the evidence must also exclude the defendant's reasonable hypothesis of innocence."); *Segal*, 98 So. 3d at 743 ("Intent, being a state of mind, is often not subject to direct proof and can only be inferred from circumstances.") (citation and quotations omitted).

Similar to our admonition in *Henry*, we do not mean to express the view that the state should prosecute as a theft every dispute over a contractor's performance. *Cf. Henry*, 133 So. 3d at 1038 ("By this opinion, we do not mean to express the view that the state should prosecute as a theft every breach of contract involving the failure to pay money."). Instead, we again write to express the view that the state should not be *precluded* from prosecuting a theft under such circumstances "when it can prove circumstantial evidence of felonious intent, as that term is used in section 812.014(1), which is inconsistent with the defendant's theory of innocence." *Id.*

Based on the foregoing, we affirm the defendant's convictions for third degree grand theft. We also affirm the defendant's convictions for extortion without further discussion.

*Affirmed.*

3

CIKLIN, J., concurs.
WARNER, J., concurs in part and dissents in part with an opinion.

WARNER, J., concurring in part and dissenting in part.

I dissent as to the affirmance of the convictions for grand theft. On *de novo* review, I conclude that this case is like *Segal v. State*, 98 So. 3d 739 (Fla. 4th DCA 2012), and partial performance has negated any finding of theft. Moreover, I disagree with the majority's statement that the state produced evidence of unauthorized use of funds or any willful misrepresentations to secure any funds. The type of representations which we found were sufficient to prove theft in *Henry v. State*, 133 So. 3d 1034 (Fla. 4th DCA 2014), are not present in this case.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***